```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
                    SOUTHERN DIVISION
```

PATRICIA LIVINGSTON, et al.,

                 CIVIL ACTION NO. 04-40379

        Plaintiffs,

v.                      HONORABLE PAUL V. GADOLA
                         U.S. DISTRICT JUDGE

DETROIT ENTERTAINMENT, LLC, et al.,

        Defendants.
_____/

### ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW AND DENYING PLAINTIFFS' APPLICATIONS FOR APPOINTMENT OF COUNSEL

Before the Court is a motion by Counsel for Plaintiffs to withdraw as counsel, filed on April 13, 2005. Plaintiffs filed a response to Counsel's motion on April 26, 2005, and Counsel filed a reply on April 29, 2005. Also before the Court are Plaintiff Livingston's and Plaintiff Guyton's applications for appointment of counsel, filed April 26, 2005. For the following reasons, the Court will grant Counsel's motion to withdraw, and deny both Plaintiffs' applications for appointment of counsel.

Counsel claims that "Plaintiffs have failed to fulfill their promised obligations to assist counsel in litigating their claims. Specifically, plaintiffs have failed and/or refused to follow counsel's advice and insist upon taking action with which the lawyer has a fundamental disagreement." Mot. at ¶ 1.

Plaintiffs, who retained Counsel by signing a contingency fee

agreement, respond that Counsel "said she did not want us to be caught up in costly court fees as much as $20,000.00 if we did not win the case. She recommended we drop the case and she would illuminate [sic] the cost for filing the case due to our financial circumstances. . . ." Resp. at 2. Plaintiffs further state that Counsel "did not give us detailed reason other than monetary why we should drop the case." Id. Plaintiffs, however, expressed their desire to continue prosecuting the case.

In determining whether an attorney may withdraw, the Court looks to the Rules of Professional Conduct adopted by the Michigan Supreme Court. E.D. Mich. Local R. 83.22(b). The Michigan Rules of Professional Conduct state, in relevant part, that

> a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, **or** if:
> . . .
> (3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (6) other good cause for withdrawal exists.

Mich. R. Prof'l Conduct 1.16(b). Counsel asserts that it is "impossible . . . to persuade plaintiffs from this imprudent

course;" that Counsel cannot "follow its best professional judgment in litigating this case;" that "[b]ecause no deadlines are imminent and only minimal discovery has been promulgated, withdrawal can be accomplished without material adverse effect on the interests of plaintiffs;" and that "Plaintiffs have been given reasonable warning that counsel must withdraw."  Mot. at ¶ 2, 3, 4 & 5.

Although Counsel states that "Plaintiffs have failed to fulfill their promised obligations to assist counsel in litigating their claims," it appears that the primary reason Counsel wishes to withdraw is that Counsel feels that the case should not be pursued. Mot. at 1.  Because the Michigan Rules of Professional Conduct permit withdrawal so long as it "can be accomplished without material adverse effect on the interests of the client," and withdrawal in this instance can be accomplished without such adverse effect, the Court will grant Counsel's motion.  Mich. R. Prof'l Conduct 1.16(b).  Further, it appears that Rules 1.16(b)(3) and (5) also apply in this instance.

Originally, Counsel requested a lien on the proceeds of the lawsuit. Mot. at 3.  In Counsel's reply, however, Counsel states that the law firm is willing to forego the lien, "[i]f the law firm retaining a lien on the proceeds represents any difficulty for the clients."  Reply at ¶ 2.  Counsel also stated that they "are willing to forego any claim to reimbursement of any costs."  Id. After a review of Plaintiffs' applications for appointment of

counsel, which include financial affidavits, the Court concludes that a grant of a lien on the proceeds, or an award of costs, to Counsel would present a difficulty to Plaintiffs. Accordingly, the Court will grant neither.

Regarding Plaintiffs' applications for appointment of counsel, the Court notes that indigence alone is insufficient to warrant the appointment of counsel. As the Sixth Circuit has noted, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993)(internal quotations and citations omitted). Plaintiffs have not described any detailed reasons indicating an exceptional need for appointed counsel. After examining the complaint and the filings to date, the Court does not find exceptional circumstances in this case warranting the appointment of counsel. Accordingly, the Court will deny Plaintiffs' applications for appointment of counsel.

Finally, to promote the efficient transition of counsel and adjudication of this matter, the Court will order that this action be stayed for **thirty (30) days** from the filing of this order. The Court will issue a new scheduling order reflecting this additional time. The Court will also order Plaintiffs' Counsel to serve this order on all Plaintiffs, and will also order that Plaintiffs, **within thirty (30) days** of the filing of this order, shall either

(1) retain new counsel who shall file an appearance or (2) file a notice of intent to proceed pro se.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiffs' Counsel's motion to withdraw as counsel [docket entry 8] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is stayed for **thirty (30) days** from the filing of this order.

**IT IS FURTHER ORDERED** that Plaintiff Livingston and Plaintiff Guyton's applications for appointment of counsel [docket entries 10 & 11] are both **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs shall (1) retain new counsel who shall file an appearance or (2) file a notice of proceeding pro se in this case **within thirty (30) days** of the filing of this order.

**IT IS FURTHER ORDERED** that Plaintiffs' Counsel shall serve this order on all Plaintiffs.  Plaintiffs are thereby notified of this Court's order to obtain new counsel or to file a notice that they is proceeding pro se.

**SO ORDERED.**

Dated: May 4, 2005                    s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

5

Certificate of Service

I hereby certify that on   May 5, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
          Duane F. Ice                                                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Michael Weissman; Lynn H. Shecter                              .

                                              s/Ruth A. Brissaud
                                              Ruth A. Brissaud, Case Manager
                                              (810) 341-7845